## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

JAVIER MONGE
      Plaintiff,

v.

PINE TAVERN INC. and
1911-1913 BRONXDALE AVENUE REALTY LLC
      Defendants.
_____/

## COMPLAINT

Plaintiff, JAVIER MONGE, by his undersigned counsel, hereby files this Complaint against Defendants, Pine Tavern Inc. and 1911-1913 Bronxdale Avenue Realty LLC (the "Defendants") for injunctive relief pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq., (the ADA) and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 (hereinafter the "ADAAG").

## JURISDICTION

1.      This Court has original jurisdiction over the action pursuant to 28 U.S.C., §§1331 and 1343 for Plaintiff's claims arising under 42 U.S.C. § 12181. et seq., based upon Defendants' violations of Title III of the ADA (see also, 28 U.S.C. §§ 2201 and 2202).

2.      Plaintiff currently resides in the Bronx, New York.

3.      Plaintiff suffers from cerebral palsy, must ambulate in a wheelchair, and is a qualified individual with disabilities under the ADA.

4.      Plaintiff visited the property to enjoy the goods and services offered therein and encountered barriers to access. Plaintiff desires and intends to return to the Facility to enjoy to goods and services offered therein. However, his access to

the Facility continues to be denied and/or substantially limited. His access will continue to be denied until Defendants remove the barriers, including those set forth in the Complaint at Paragraph 15 below.

5.    Defendant, 1911-1913 Bronxdale Avenue Realty LLC, transacts business in the State of New York and within this judicial district. Defendant is the owner and/or lessor, of the real property located at Pine Tavern Inc. and 1913 Bronxdale Avenue, Bronx, NY, where the restaurant known as F&J Pine (the "Facility").

6.    Defendant, Pine Tavern Inc., transacts business in the State of New York and within this judicial district. Defendant is the lessee of the Facility located at 1913 Bronxdale Avenue, Bronx, NY, and the owner and/or operator of a restaurant known as F&J Pine (the "Facility").

7.    The Facility is a place of public accommodation under the ADA.

8.    Plaintiff has suffered legal harm and injury in fact, as he visited the Facility to enjoy the goods and services provided therein, encountered barriers to access, and desires and intends to re-visit the Facility again, but is unable to do so until the barriers to access are remediated.

9.    The barriers alleged in Paragraph 15, by their very nature, prevent Plaintiff and other wheelchair bound patrons from accessing the premises and enjoying the goods and services offered therein.

10.    The removal of the alleged barriers can be accomplished without much difficulty or expense.

11.     All events giving rise to this lawsuit occurred in the State of New York. Venue is proper in this Court as the premises is in the Southern District.

## FACTUAL ALLEGATIONS AND CLAIM

12.     Plaintiff has attempted to access the Facility to enjoy the goods and services offered therein but could not do so without substantial hardship due to his disability, which requires him to ambulate in a wheelchair, and the significant barriers to access existing at the Facility.

13.     Plaintiff intends to visit the Facility in the future to enjoy to goods and services offered therein.  However, his access to the Facility continues to be denied and/or substantially limited.  His access will continue to be denied until Defendants remove the barriers, including those set forth in the Complaint at Paragraph 15 below.

14.     Defendants have discriminated against Plaintiff by denying him full access to the goods, services and/or accommodations of the Facility, as prohibited by 42 U.S.C., § 12182, et. seq., and by failing to remove architectural barriers as required by 42 U.S.C., § 12182(b)(2)(A)(iv), will continue to discriminate against Plaintiff unless and until Defendants remove all physical barriers including those specifically set forth below.

15.     Defendants have discriminated against Plaintiff by failing to remedy the ADA violations, which by their nature, affect Plaintiff and other wheelchair bound Plaintiffs.  A specific list of ADA violations which preclude and/or limit Plaintiff's ability to access the facility and to enjoy the goods and services offered therein, include the following:

I.   **Inaccessible Exterior Dining Tables**
- The Dining tables are inaccessible due to inadequate width, toe clearance and knee clearance in violation of ADAAG 902.2, 306.2 and 306.3
- The minimum number of accessible tables (5%) is not provided in violation of ADAAG 226.1.

II.   **Inaccessible Bar**
- The bar is inaccessible as it is too high and does not provide adequate clear floor space, toe clearance, depth, knee clearance and width in violation of ADAAG 226.1, 902.1, 902.3, 306.2, 306.2.3 and 306.2.5 and 306.3.5.

III.   **Inaccessible Dining Tables in bar area**
- The Dining tables are inaccessible due to inadequate width, toe clearance and knee clearance in violation of ADAAG 902.2, 306.2 and 306.3
- The minimum number of accessible tables (5%) is not provided in violation of ADAAG 226.1.

IV.   **Men's Restroom**
- Signage is non-compliant as there is none in violation of ADAAG 703.4.1 and 703.4.2.
- First compartment stall:
  o The required minimum maneuvering clearance is not provided at the stall door in violation of ADAAG 404.2.4.
  o Non-complaint door swing into the clear floor space of the toilet stall in violation of ADAAG 604.8.1.2.
  o The door lock on door of toilet requires twisting in violation of ADAAG 404.2.7 and 309.4.
  o Non-complaint positioning of plumbing located behind toilet seat in violation of ADAAG 604.6.
  o Non-complaint grab bars on rear and side wall of water close in violation of ADAAG 604.5.
  o Non-compliant coat hook due to height in violation of ADAAG 604.8.3, and 308.
- Second compartment stall:
  o The required minimum maneuvering clearance is not provided in stall and at the stall door in violation of ADAAG 604 and 404.2.4.
  o Non-compliant clear width not provided at door of toilet compartment in violation of ADAAG 404.2.3.
  o Non-complaint door swing into the clear floor space of the toilet stall in violation of ADAAG 604.8.1.2.
  o The door lock on door of toilet requires twisting in violation of ADAAG 404.2.7 and 309.4.
  o Required grab bars are not provided on rear and side wall of water close in violation of ADAAG 604.5.

- o Non-complaint positioning of plumbing located behind toilet seat in violation of ADAAG 604.6.
- Urinals
  - o Non-complaint clear floor space at first urinal in violation of ADAAG 605 and 305.
  - o Non-complaint clear floor space at second urinal in violation of ADAAG 605 and 305.
  - o Non-complaint clear floor space at third urinal in violation of ADAAG 605 and 305.
  - o Non-complaint height of first urinal in violation of ADAAG 605.
  - o Non-complaint height of second urinal in violation of ADAAG 605.
  - o Non-complaint height of third urinal in violation of ADAAG 605.
- Sinks
  - o The pipes and water lines under the sink are not insulated in violation of ADAAG 606.5.
- The mirrors in the restroom are too high in violation of ADAAG 603.3.

V.   **Women's Restroom**
- Signage is non-compliant as there is none in violation of ADAAG 703.4.1 and 703.4.2.
- The required minimum maneuvering clearance is not provided at the entrance to the restroom in violation of ADAAG 404.2.4.
- Violations of compartment of three stalls:
  - o The required minimum maneuvering clearance is not provided at the stall door or in the stall in violation of ADAAG 404.2.4.
  - o Non-complaint door swing into the clear floor space of the toilet stall in violation of ADAAG 604.8.1.2.
  - o Required grab bars are not provided on rear and side wall of water close in violation of ADAAG 604.5.
  - o Non-complaint positioning of plumbing located behind toilet seat in violation of ADAAG 604.6.
- Violation of largest compartment stall:
  - o Non-complaint grab bars on rear and side wall of water close in violation of ADAAG 604.5
  - o Non-complaint positioning of plumbing located behind toilet seat in violation of ADAAG 604.6.
  - o Inaccessible toilet paper dispenser as to far from toilet in violation of ADAAG 604.
  - o Non-compliant coat hook due to height in violation of ADAAG 604.8.3, and 308.
  - o The door lock on door of toilet requires twisting in violation of ADAAG 404.2.7 and 309.4.
- Sinks

- o The pipes and water lines under the sink are not insulated in violation of ADAAG 606.5.
- The mirror in the restroom is too high in violation of ADAAG 603.3.

16. The above listing may not include all the barriers countered by Plaintiff and/or which exist at the facility. Plaintiff requires an inspection of the facility to determine all of the ADA violations.

17. The removal of the ADA violations set forth herein is readily achievable and can be accomplished and carried out without much difficulty or expense. 42 U.S.C. § 12182(B)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R, § 36.304.

18. Plaintiff is without adequate remedy at law and is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendants are required to remove the physical barriers, dangerous conditions and ADA violations that exist at the facility, including those set forth herein.

19. The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. The Plaintiff is entitled to have his reasonable attorney's fees, costs and expenses paid by the Defendants, pursuant to 42 U.S.C., §§ 12205 and 12217.

20. 20.. Pursuant to 42 U.S.C. §12188(a), this Court is provided with authority to grant injunctive relief to Plaintiff, including an order to alter the subject facility to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, and closing the subject facility until the requisite modifications are completed.

**WHEREFORE,** Plaintiff respectfully requests that the Court issue a permanent injunction enjoining Defendants from continuing their discriminatory practices, ordering Defendants to remove the physical barriers to access and alter the subject Facility to make it readily accessible and useable by individuals with disabilities to the extent required by the ADA, closing the subject Facility until the barriers are removed and requisite alterations are completed, and awarding Plaintiff his reasonable attorney's fees, expert fees, costs and litigation expenses incurred in this action.

October 21, 2021                              Respectfully submitted,

                                             *s/ Jennifer E. Tucek, Esq.*
                                             Law Office of Jennifer E. Tucek, PC
                                                  *Attorney for Plaintiff*
                                             Bar No. JT2817
                                             315 Madison Avenue, #3054
                                             New York, N.Y. 10017
                                             (917) 669-6991
                                             TucekLaw@Gmail.com